```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 10-CV-21413-MORENO
                              (08-CR-21099-MORENO)
                        MAGISTRATE JUDGE P. A. WHITE
```

GREGORY BROWN,                  :

      Movant,              :

v.                              :           REPORT OF
                                             MAGISTRATE JUDGE

UNITED STATES OF AMERICA,       :

      Respondent.          :
_____

## I.  Introduction

This matter is before this Court on Gregory Brown's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§922(g)(1) and 924(e)(1), entered following a guilty plea in case no. 08-CR-21099-Moreno.

The Court has reviewed the motion (Cv-DE#1), the government's response (Cv-DE#7), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

Construing the movant's claims liberally as afforded pro se litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant raises the following claims:

> **Claims 1, 2, 3, 5, and 6**: His sentence as an armed career criminal was imposed in violation of his constitutional rights as the predicate offenses on which the sentencing court relied were constitutionally invalid and/or otherwise did not qualify as permissible predicate convictions under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e).

**Claim 4**: His counsel provided ineffective assistance in failing to investigate, prior to advising the entry of a guilty plea, whether officers planted the firearm on Brown in order to support the possession of a firearm by a convicted felon charge.

**Claim 7**: His counsel provided ineffective assistance in failing to file a notice of appeal, pursuant to Brown's instructions, challenging the sentencing court's decision to enhance Brown's sentence under the ACCA.

## II.  Facts and Procedural History

On September 29, 2008, Miami Dade Police Officers observed Brown talking with some people in the yard of an abandoned residence. (PSI ¶4). When Brown saw the officers, he hid something in his waistband and started walking out of the yard. Brown broke into a run and the officers gave chase. (Id.). An officer observed Brown pull a black/silver pistol from his waistband and throw it aside. (Id.). Shortly thereafter, Brown stopped running and surrendered to the authorities. (Id.). Officers recovered a pistol in the place where they saw Brown toss the weapon. (Id.). Brown was arrested and waived his Miranda rights. (PSI ¶5). He explained that he ran from the officers because he possessed a bag of marijuana and a bag of cocaine, for personal use. (Id.). He was afraid he would be sent back to prison. (Id.). The state subsequently dismissed the case against Brown and turned him over to federal authorities. (Id.).

Brown was charged by indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and 924(e)(1). (Cr-DE#1). On the first day of trial, Brown pled guilty to the charge in the indictment.

Prior to sentencing, a PSI was prepared which revealed as

follows. The PSI set the movant's base offense level at 24, pursuant to U.S.S.G. §2K2.1(a)(2), because the offense involved the unlawful possession of a firearm by a defendant who has two prior felony convictions for either a crime of violence or a controlled substance offense. (PSI ¶9).

The probation officer further determined that the movant was subject to an enhanced sentence as an armed career criminal pursuant to U.S.S.G. §4B1.4(a). (PSI ¶ 15). The probation officer relied on prior state court convictions for armed robbery [case no. F94-18990A] and possession with intent to sell, manufacture or deliver cocaine [case nos. F00-41444 and F01-20919A]. Pursuant to U.S.S.G. §4B1.4(3)(B), the offense level for an armed career criminal was set at a level 33. (PSI ¶15). Brown's total offense level was set at 33. (PSI ¶17).

The probation officer next determined that the movant had a total of 15 criminal history points, resulting in a criminal history category VI. (PSI ¶27). However, because he qualified for an enhanced sentence as an armed career criminal, his criminal history points were of no import, as an armed career criminal's history category is always VI pursuant to U.S.S.G. §4B1.4(c)(1). (PSI ¶27).

The statutory term of imprisonment for violating 18 U.S.C. §924(e) was a minimum of 15 years and a maximum of life. (PSI ¶71). Based on a total offense level 33 and a criminal history category VI, the movant's resulting guideline range was 235 to 293 months in prison. (PSI ¶72).

On May 8, 2009, Brown appeared for sentencing. (Cv-DE# 7-1, p. 17). The court expressly found that Brown qualified as an armed

career criminal. (Id. at 31). The court deducted three levels from Brown's total offense level based on the movant's timely acceptance of responsibility, resulting in a total offense level 30. (Statement of Reasons). As a result, the movant's guideline range was 180 to 210 months in prison. (Id.). The court sentenced Brown to 180 months in prison. (Cr DE# 64).

Brown's attorney filed a timely notice of appeal on Brown's behalf. (Cr-DE#66). On July 29, 2009, Brown filed a notice of voluntary dismissal of appeal with prejudice, through his attorney. (Cr DE# 79). The Eleventh Circuit Court of Appeals dismissed Brown's case with prejudice pursuant to his notice of dismissal. (Cr-DE# 84).

Brown filed an April 29, 2010[1] motion to vacate his sentence pursuant to 28 U.S.C. §2255 (Cv-DE# 1). The United States filed a response, with supporting exhibits attached. (Cv-DE# 7).

### III.  Standard of Review

The law is clear that Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. §2255(a); see also, Hill v. United States, 368 U.S. 424, 426-27 (1962). "A sentence is otherwise subject to collateral attack where there is an error constituting a 'fundamental defect which inherently results in a

---

[1] See Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). The government does not dispute that Brown's motion was timely filed.

4

complete miscarriage of justice.'" United States v. Jones, 56 F.3d 62 (4 Cir. 1995)(citations omitted).

In this collateral proceeding, the movant raises multiple claims which challenge counsel's effectiveness. Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1994), which is not a favorable standard to the movant. See Massaro v. United States, 538 U.S. 500, 505 (2003). To prevail on a claim of ineffective assistance, a movant must demonstrate both that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defendant. Chandler v. United States, 218 F.3d 1305, 1312-13 (11 Cir. 2000)(*en banc*), cert. denied, 531 U.S. 1204 (2001). ; Strickland v. Washington, 466 U.S. 668 (1984). Moreover, a habeas court's review of a claim under the Strickland standard is "doubly deferential." Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 1418, 173 L.Ed.2d 251 (2009). In deciding whether counsel's performance was deficient, judicial scrutiny is "highly deferential" and requires us to "'indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (quoting Strickland v. Washington, 466 U.S. at 689-90.

When assessing a lawyer's performance, "[C]ourts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Chandler v. United States, 218 F.3d 1305 (11 Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001). The court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead,

[the court] determine[s] only whether a lawyer's performance was within "the wide range of professionally competent assistance." <u>Van Poyck v. Florida Dept. of Corrections</u>, 290 F.3d 1318, 1322 (11 Cir.), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), <u>quoting</u>, <u>Strickland v. Washington</u>, 466 U.S. 668, 690. Review of counsel's conduct is to be highly deferential. <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. <u>White v. Singletary</u>, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); <u>Atkins v. Singletary</u>, 965 F.2d 952, 958 (11 Cir. 1992). A claim of ineffective assistance is a mixed question of law and fact. <u>Strickland</u>, 466 U.S. at 698.

The Eleventh Circuit will not "second-guess counsel's strategy." <u>Chandler</u>, 218 F.3d at 1314, n.14. Strategic choices, even those "made after less than complete investigation," are evaluated for their reasonableness and "counsel's reliance on particular lines of defense to the exclusion of others--whether or not he investigated those other defenses--is a matter of strategy and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable." <u>Chandler</u>, 218 F.3d at 1318 (<u>quoting</u> <u>Strickland</u>, 466 U.S. at 690-91).

The courts "are not interested in grading lawyers' performances;" but rather, "are interested in whether the adversarial process at trial...worked adequately." <u>Rogers v. Zant</u>, 13 F.3d 384, 386 (11 Cir. 1994)(quotation marks omitted). To be unreasonable, the performance must be such that "no competent counsel would have taken the action that [the petitioner's] counsel did take." <u>Grayson v. Thompson</u>, 257 F.3d 1194, 1216 (11 Cir. 2001)(emphasis omitted). In other words, "[e]ven if many reasonable

lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." Rogers v. Zant, 13 F.3d at 386.

Under the second prong of the test set forth in Strickland, the movant can be said to have been prejudiced by counsel's performance only if there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Rather, the movant must demonstrate that "there is a reasonable probability that, absent [counsel's] errors, the jury would have had a reasonable doubt regarding [his] guilt." Blackburn v. Foltz, 828 F.2d 1177, 1186 (6 Cir. 1987), cert. den'd, 485 U.S. 970 (1988), see also, Montgomery v. Petersen, 846 F.2d 407, 416 (7 Cir. 1988).

Bare and conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration. See United States v. Robinson, 64 F.3d 403, 405 (8 Cir. 1995), Ferguson v. United States, 699 F.2d 1071 (11 Cir. 1983), United States v. Ammirato, 670 F.2d 552 (5 Cir. 1982); United States v. Sanderson, 595 F.2d 1021 (5 Cir. 1979).

## IV.  Discussion

> **Claims 1, 2, 3, 5, and 6**: His sentence as an armed career criminal was imposed in violation of his constitutional rights as the predicate offenses on which the sentencing court relied were constitutionally invalid and/or otherwise

7

>did not qualify as permissible predicate convictions under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e).

Under grounds **1, 2, 3, 5, and 6**, the movant asserts that the court erred in enhancing his sentence as an armed career criminal on the basis that the movant did not have the requisite prior convictions to support the enhancement.

The movant was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g). A defendant who violates §922(g), and has been previously convicted of three or more offenses which are drug trafficking crimes or crimes of violence, is subject to a minimum prison sentence of 15 years and a maximum sentence of life. See 18 U.S.C. §924(e). The Eleventh Circuit has clearly ruled that §924(e) is merely a sentence enhancement provision, and does not create a separate offense. United States v. Ruo, 943 F.2d 1274, 1275 (11th Cir. 1991); see also United States v. Abernathy, 277 F.3d 1048, 1050 (8th Cir.), cert. den'd, 535 U.S. 1089 (2002)("Abernathy first argues his status as a recidivist with three previous violent offenses under 18 U.S.C. §924(e) should have been submitted to the jury as an element of the offense under Apprendi v. New Jersey . . . Abernathy's argument fails because this issue is not an element of the offense, but is a sentencing matter under Almendarez-Torres.[2]"). Moreover, §924(e) applies automatically, whether or not the government seeks such an enhancement. United States v. Cobia, 41 F.3d 1473, 1475 (11th Cir. 1995).

Review of the PSI reveals that the probation officer determined the movant qualified as an armed career criminal pursuant to U.S.S.G. §4B1.4(a) and §4B1.4(b)(3)(B), based on his

---

[2]United States v. Almendarez-Torres, 523 U.S. 224 (1998).

three prior felonies for crimes of violence and/or serious drug offenses. (PSI ¶15). The probation officer relied on prior state court convictions for armed robbery [case no. F94-18990A] and possession with intent to sell, manufacture or deliver cocaine [case nos. F00-41444 and F01-20919A]. (Id.).

A defendant qualifies as an armed career criminal if the offense of conviction is a violation of 18 U.S.C. §924(e). See U.S.S.G. §4B1.4, App.n.1 (2006). Under 18 U.S.C. §924(e)(1), a defendant is subject to an enhanced sentence if the instant offense of conviction is a violation of 18 U.S.C. §922(g) and the defendant "has at least three prior convictions for a 'violent felony' or 'serious drug offense,' or both, committed on occasions different from one another." U.S.S.G. §4B1.4, cmt.n.1. The terms "violent felony" and "serious drug offense" are defined in 18 U.S.C. §924(e)(2).

A prior conviction for armed robbery qualifies as a predicate offense for purposes of the ACCA. Under Florida law, robbery is defined as "the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla.Stat. §812.13. The facts of this prior conviction reveal that the movant's codefendant pointed a gun at two victims and demanded money while the movant searched the victims and removed money from the victims' pockets; the codefendant handed the movant the gun and he pointed the weapon at the victims while the codefendant conducted a second search. (PSI ¶19). It is evident that this conviction involves the use of force, and as such qualifies as a predicate offense for purposes of the movant's enhanced sentence.

A prior conviction for possession with intent to sell, manufacture or deliver cocaine also qualifies as a predicate offense for purposes of the ACCA. Under Florida law, the sale of cocaine, a second degree felony, carries a maximum of up to fifteen years in prison. See Fla.Stat. §775.082(3)(c)-(d). According to the facts as contained in the PSI, the state court offenses involved the sale of cocaine by the movant to several other individuals, while being observed by police officers. (PSI ¶22, 24). These convictions were properly considered serious drug offenses for purposes of the enhanced sentence as an armed career criminal. See United States v. Horne, 206 Fed.Appx. 942, 944 n.3 (11th Cir. 2006)(sale or delivery of cocaine is a serious drug offense for purposes of enhanced sentence as an armed career criminal).

Under **claims 1 and 2**, Brown asserts that his prior convictions for armed robbery [case no. F94-18990A] and possession with intent to sell, manufacture or deliver cocaine [case nos. F00-41444 and F01-20919A][3] were unlawfully used to determine his status as an armed career criminal because the convictions were the result of involuntary guilty pleas entered after his attorney misadvised him regarding the consequences of pleading guilty.

The law is clear that once the movant successfully attacks in the state forum his prior state convictions used to determine his criminal history points in this case, at that time he may then seek to reopen and reduce the federal sentence. See United States v. Walker, 198 F.3d 811, 813 (11 Cir. 1999).

It is also well settled that collateral attacks on prior

---

[3] Brown includes his conviction for grand theft [case no. F00-34796] in this argument, however, the PSI did not rely on this conviction for enhancement purposes.

convictions are generally prohibited in federal sentencing proceedings, and may be raised only when the conviction was obtained in violation of the defendant's right to counsel. United States v. Phillips, 120 F.3d 227, 231 (11 Cir. 1997)(citing, Custis v. United States, 511 U.S. 485 (1994)[4]); United States v. Farris, 77 F.3d 391, 397 & n. 10 (11 Cir.), cert. denied, 519 U.S. 896 (1996); McCarthy v. United States, 320 F.3d 1230, 1232 (11th Cir. 2003). Moreover, the Supreme Court has held that a federal prisoner who has failed to pursue available remedies to challenge a prior conviction (or has done so unsuccessfully) may not collaterally attack that conviction through a motion pursuant to 28 U.S.C. §2255 directed at the enhanced federal sentence. Daniels v. United States, 523 U.S. 374 (2001), citing, Custis v. United States, 511 U.S. 485, 493 (1994)(only prior convictions which may be collaterally attacked at sentencing were those obtained in violation of the right to appointed counsel); Johnson v. United States, 340 F.3d 1219 (11th Cir. 2003)(accord).

The movant does not claim he was not represented by counsel in connection with the prior state court convictions used to enhance his sentence. Rather, he asserts generally that his counsel in those proceedings failed to advise him that those convictions could be used against him in the future. However, the movant has not shown that the prior conviction he is challenging in this proceeding would have been vacated, and there is nothing of record to support such a conclusion. Thus, there appears to have been no legal basis to challenge the validity of the underlying state conviction at the time of the movant's sentencing in federal court, nor at this time. Under these circumstances, the movant is entitled

---

[4] Custis involved a sentence enhancement under the Armed Career Criminal Act. The Eleventh Circuit has held that Custis is also applicable to sentence enhancements under the career offender provisions of U.S.S.G. §4B1.1. See United States v. Phillips, 120 F.3d 227, 231 (11th Cir. 1997).

to no relief on claims 1 and 2.

Under **claim 3**, the movant argues that the two prior conviction for possession with intent to sell, manufacture or deliver cocaine [case nos. F00-41444 and F01-20919A] should not have been considered separate offenses because they were consolidated for sentencing. (Cv-DE#1, p. 7).

Notwithstanding, the law is clear that prior conviction requirements are strictly construed, and a defendant must have been sentenced for three unrelated offenses to be considered an armed career criminal. See cf., United States v. Delvecchio, 920 F.2d 810, 812 (11th Cir. 1991). Convictions are "related" for criminal history calculations if, *inter alia*, they "were consolidated for trial or sentencing." United States v. Mullens, 65 F.3d 1560, 1565 (11th Cir. 1995). In Veteto, the Eleventh Circuit held that the fact that sentences were to run concurrently did not consolidate the cases for sentencing, but the defendant in that case was sentenced by different judges on different days. Veteto, 920 F.2d at 826.

The movant's claim that two prior convictions should not have been assessed separate criminal history points because they were functionally consolidated for sentencing fails also fails. The Eleventh Circuit has previously rejected this same argument. United States v. Martinez, 320 F.3d 1285, 16 Fla. L. Weekly Fed. C 279 (11th Cir. 2003), citing, United States v. Huskey, 137 F.3d 283, 286-88 (5th Cir. 1998)(Cases are not generally consolidated when they receive separate docket numbers or separate judgments. In order to find that cases were consolidated, cases must be formally consolidated by an order or "functionally consolidated," where the "convictions were 'factually or logically related, and sentencing was joint.'") See also, United States v. Buford, 201 F.3d 937, 940

(7th Cir. 2000), aff'd, 532 U.S. 59 (2001).

In this case, the PSI reveals that the two prior convictions utilized by the probation officer each arose from different arrests. (PSI ¶¶22,24). On December 28, 2000, a police officer arrested Brown after observing Brown take money from a second individual and hand the person a bag of cocaine. (PSI ¶22). The state charged Brown with possession with intent to sell cocaine in case no. F00-41444. (PSI ¶22). On July 5, 2001, Brown was arrested after a police officer observed Brown conduct several drug transactions. (PSI ¶24). The state charged Brown with possession with intent to sell cocaine and cannabis in case no. F01-20919A. (PSI ¶24). The court sentenced Brown for both crimes at a single hearing conducted on August 6, 2001. (PSI ¶22, 24).

It is evident that the prior convictions arose from different arrests, were also separate in time, and were therefore properly considered predicate offenses for purposes of the enhancement. The movant fails to establish that there was an order entered in the state forum formally consolidating any of the prior state offenses. Even if he was sentenced on the same date on two of the prior offenses, that does not establish consolidation for purposes of determining his criminal history points. Absent a showing that a formal order was entered, the assessment of points was lawful and his adjudication as an armed career offender proper.

Under **claim 5**, the movant argues that possession of drugs with intent to sell, manufacture, or deliver is not a serious drug offense under 18 U.S.C. §924(e)(1). The Undersigned rejected this argument above. See United States v. Horne, 206 Fed.Appx. 942, 944 n.3 (11th Cir. 2006)(sale or delivery of cocaine is a serious drug offense for purposes of enhanced sentence as an armed career

criminal).

Under **claim 6**, Brown argues that all of his prior state court convictions were unlawfully used to determine his status as an armed career offender because these convictions were "not admitted by Mr. Brown." (Cv DE# 1, 10-11). Brown does not provide any further explanation or provide facts in support of his argument. The government correctly counters that claim 6 should be rejected because Brown offers only a conclusory claim and provides no factual basis to meet his burden of persuasion and support relief under §2255. (Cv DE# 7, p. 15).

### Claims 4 and 7: Ineffective Assistance of Counsel.

Under **claim 4**, Brown argues that his counsel provided ineffective assistance in failing to investigate, prior to advising the entry of a guilty plea, whether officers planted the firearm on Brown in order to support the possession of a firearm by a convicted felon charge.

At the outset of the sentencing hearing, defense counsel referred to this argument. Counsel explained that Brown wanted to withdraw his guilty plea and proceed to trial because the government could not prove possession of the firearm as it had no fingerprint evidence linking Brown to the weapon. (Cv DE# 7-1, p. 19). The court gave counsel an opportunity to confer with his client. Afterwards, defense counsel explained, "He's prepared to accept responsibility . . .and to proceed to sentencing." (Id. p. 24). The court stated, "Mr. Brown, do you want to talk to me?" and Brown responded, "I just want to apologize for the misunderstanding, Your Honor. I'm very sorry." (Id. p. 27). At the end of the hearing, the following exchange took place:

> THE COURT: Now that the sentence has been imposed, does Mr. Brown, his counsel, or the Government have any objections to the Court's findings of fact, conclusions of law, or to the manner in which the sentence was pronounced?
> DEFENDANT: No, Your Honor.

(Id. at 30).

Bare and conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration. See United States v. Robinson, 64 F.3d 403, 405 (8 Cir. 1995), Ferguson v. United States, 699 F.2d 1071 (11 Cir. 1983). In this case, Brown provides no factual support for his claim that officers planted the weapon on him. In addition, the record reflects that Brown expressly retracted this argument and proceeded to sentencing. In light of the foregoing, Brown is not entitled to relief under ground four.

Under **claim 7**, Brown argues ineffective assistance of counsel in failing to file a notice of appeal specifically to appeal his armed career criminal enhancement as he did not qualify as an armed career criminal.

Brown's argument fails for two reasons. First, defense counsel did in fact file a timely notice of appeal. (Cr DE# 66). For reasons not specified by Brown in the present proceedings, Brown subsequently filed a notice of voluntary dismissal of appeal with prejudice. (Cr DE# 79). As a result, the Eleventh Circuit Court of Appeals dismissed Brown's case with prejudice. (Cr-DE# 84). Second, Brown cannot show prejudice because, as is explained above in detail, the district court properly sentenced him as an armed career criminal. Accordingly, counsel cannot be deemed

ineffective for failing to raise a meritless claim on appeal. In light of the foregoing, Brown is not entitled to relief under ground seven.

### V.  Conclusion

It is therefore recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 9th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Gregory Brown
     Reg. No. 82073-004
     Coleman Medium Federal
     Correctional Institution
     Inmate Mail/Parcels
     P.O. BOX 1032
     Coleman, FL 33521


     Anne Ruth Schultz
     Maria K. Medetis
     United States Attorney's Office
     99 NE 4 Street
     Miami, FL 33132